PEARL CITY PACKET COMPANY *v.* TOWERY.

Opinion delivered December 14, 1931.

*Buzbec, Pugh & Harrison,* for appellant.

*J. F. Parish* and *W. R. Donham,* for appellee.

HUMPHREYS, J. Appellee brought suit in the circuit court of Jackson County to recover damages for injuries received from a falling derrick while engaged in the performance of his duties as an employee of appellant. The allegation in the complaint upon which appellee based his action was that appellant "negligently furnished a foundation, supports, and attachments for its derrick and boom which were old, defective, rotten and insecure."

Appellant filed an answer denying the negligence alleged.

The cause was submitted upon the pleadings, testimony, and instructions of the court, resulting in a verdict and consequent judgment against appellant, from which is this appeal.

Appellant concedes for the purposes of this appeal that testimony was introduced from which the jury might have found that the foundation supports of the derrick

which fell upon and injured appellee were defective, but contends that the court erred in admitting testimony tending to show a defective condition of bolts at the top of the masthead or derrick sixty feet above the foundation, for the reason that the allegation of negligence was not broad enough to cover defects in attachments on other parts of the derrick than the foundation. The meaning of the allegation is clearly that the foundation, the supports, and attachments, all three, were old, defective, rotten and insecure. It would indeed be a narrow construction to say that the allegation meant that the attachments to the foundation only were alleged to be defective. Unquestionably "attachments," as used in the allegation, referred to attachments to any part of the derrick. It was proper, under the allegation, therefore, to admit testimony relating to the defective condition of the attachments on any part of the derrick. Another objection to the admission of the testimony showing a defective condition of the bolts at the top of the masthead was that all witnesses interrogated on the point stated that the condition up at the top did not cause the derrick to fall. This was necessarily opinion evidence only, based upon the fact that the bolts in the masthead did not break. All the witnesses familiar with the operation of the derrick stated that the bolts at the top had to be replaced often on account of shearing off and becoming so small that they caused a vibration or wobbling of the derrick when in operation. The derrick had been used for years. It carried four or five thousand pounds when in operation, and the strain upon its supports and attachments was great. It was partly held in place by well anchored cables. Although the witnesses were of opinion that the bolts at the top did not cause the derrick to fall, yet the jury may have held a different opinion. The jury may have concluded that the vibration caused by the looseness of the bolts caused the cable to give way and one of the stiff legs or main supports to break and the foundation to collapse. One thing is certain, and that is that the derrick fell on account of defects either in the foundation

or supports or attachments, and for that reason it was allowable and within the allegation of negligence to prove defects in either the foundation or in the supports or attachments wherever located.

No error appearing, the judgment is affirmed.